## Sassaman *against* Feagly.

An agreement between a landlord and tenant having been made that the rent should be paid "whenever the landlord should hold the land by law with A:" it was held that the rent was recoverable, although no action at law had been determined on the subject, the tenant not being liable for mesne profits to any one who might claim or recover the land.

ERROR to *Northumberland* county.

This was an action of debt for rent, by Peter Sassaman against Jonathan Feagly. Feagly had occupied the premises of Sassaman for three years, and refused to pay the rent, on the ground that the land was claimed by Hottenstein, and he, Feagly, would be liable for mesne profits if Hottenstein should bring ejectment and recover. Sassaman sued him before a justice of the peace, and, when the parties met, they entered into the following agreement:

"We, the subscribers, viz., the plaintiff, Peter Sassaman, of Upper Mahanoy township, Northumberland county, and the defendant, Jonathan Feagly, in Middle Paxton township, Dauphin county, have agreed and come to a conclusion, the 9th day of May 1825, viz.: the above mentioned Jonathan Feagly is to give up his possession on the 17th day of May next. Further, if the said Sassaman *does hold the land by law*, now in possession of Jonathan Feagly, then Feagly is to pay 27 dollars rent, without interest, to the above named Sassaman; but if the said Sassaman *does not hold the said land by law with Hottenstein*, then the said Feagly is not to pay one cent of rent to Sassaman. Furthermore, the said Sassaman promises to pay all costs which have accrued to this time, and promises to take care of Feagly's things which he has sowed and planted, but Feagly is to make the

[Sassaman v. Feagly.]

fences. Further, if the said Feagly does not give up his possession to the said Sassaman, on the above mentioned date, then he, the said Feagly, is to pay the said Sassaman the 27 dollars rent, and all costs. Witness our hands and seals, May 9th, 1825."

Upon this agreement the present suit was brought. It did not appear, on the trial, that any suit had ever been brought by Hottenstein or any body else, by which the title to the land had been tried; and the court below was of opinion, and so instructed the jury, that the plaintiff could not recover: they found a verdict accordingly.

*Greenough,* for plaintiff in error.
*Donnel,* for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The facts of the case, although not very clearly stated, seem to be these. The plaintiff, Peter Sassaman, was in the possession, and the reputed owner, of a tract of land, in the county of Dauphin, which, on the 1st of April 1822, he leased for one year to the defendant, at an annual rent of 9 dollars. The defendant, Feagly, continued in the possession of the property, under the lease, until some time about the 1st of April or May 1825, a period of three years; when, having refused payment of the rent on the ground of an outstanding title to the land, a suit was brought against him, before a justice of the peace. The parties came to a compromise, and entered into the agreement on which this suit is brought. The court charged the jury that the plaintiff could not recover until there is a decision at law on the title, in some proceeding to which Hottenstein, who, it is understood, was a claimant of the land, was a party. Of this instruction the plaintiff complains. He alleges that the object of the parties in entering into this stipulation was, on the part of the plaintiff, that he should recover possession of the property, and also the rent in arrear, 27 dollars; but that the money should not be paid until Feagly was indemnified from any risk arising from a recovery of the land by adverse title, and particularly against the claim of Hottenstein. And this, we think, is the reasonable construction of the agreement. The defendant cannot, in justice, complain, because he has had the use and occupation of the premises under a lease from Sassaman, and the only inquiry should be, whether he can pay with safety; and about this, as the facts now appear, there can be little doubt. The plaintiff has been in the adverse possession of the property since the year 1810. Besides, if an action of ejectment should now be brought, no recovery in that suit could affect Feagly. He would be no party to it, and no action for the mesne profits could now be sustained, as six years have elapsed since he occupied the premises. If an action of ejectment had been pending when the agreement was made, I admit there would be great force in the argument of the defendant's counsel; but that we do not understand to be the case. If we adopt the de-

fendant's construction of the agreement, I do not see how the plaintiff can ever recover the rent, as he has no means of compelling Hottenstein to try the title in an action at law.

Judgment reversed, and a *venire de novo* awarded.